**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID RYAN,**

                             **Plaintiff,**

  vs.                                                  9:14-cv-00545
                                                                 (MAD/DJS)

**DAROLD D. GRAHAM, facility superintendent at Auburn
Correctional Facility; CHERYL MORRIS, Director of
Ministerial and Family Services,**

                             **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**DAVID RYAN**
SR1 Building 2, Second Floor
South Beach Psychiatric Center
777 Seaview Avenue
Staten Island, New York 10305
Plaintiff *pro se*

**ATTORNEY GENERAL OF THE**      **ADRIENNE J. KERWIN, AAG.**
**STATE OF NEW YORK**                **MELISSA A. LATINO, AAG.**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    *Pro se* Plaintiff David Ryan ("Plaintiff") commenced this action on May 9, 2014, alleging that several prison officials violated his First Amendment religious rights pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.* Dkt. No. 1. After an initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A, all of Plaintiff's claims were dismissed except as against Defendants Harold Graham and Cheryl Morris ("Defendants") for their roles in enforcing a Department of Corrections and Community

Supervision ("DOCCS") Directive No. 4933 (the "DOCCS Directive") that limits the number of books an inmate may have in his cell while housed the special housing unit ("SHU"). On September 11, 2015, Defendants filed a motion for summary judgment, to which Plaintiff did not respond despite the Court granting multiple extensions to the deadline to respond. On July 5, 2016, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order recommending that Defendants' motion be granted and Plaintiff's complaint dismissed. *See* Dkt. No. 44.

Initially, Magistrate Judge Stewart concluded that he should review the entire factual record in the case to ensure that Defendants' assertions of fact were properly supported, despite Plaintiff's failure to respond to Defendants' motion. *Id.* at 2-3. Given Plaintiff's *pro se* status, it was correct to review the entire record to ensure that Defendants' claims were properly supported, rather than simply relying on the unopposed statements contained in their Rule 7.1 Statement of Material Facts. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003).

Magistrate Judge Stewart correctly determined that Plaintiff's RLUIPA claim was moot in light of his release from DOCCS custody since the commencement of this case. A plaintiff cannot recover monetary damages for RLUIPA claims against state officers, either in their individual or official capacities. *See Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (citing *Sossaman v. Texas*, 131 S. Ct. 1651, 1663 (2011)). Accordingly, Magistrate Judge Stewart found that Plaintiff's RLUIPA claims were only seeking injunctive and declaratory relief and, thus, fit within the well established line of cases holding that "[w]here a prisoner has been *released* from prison, his claims for injunctive relief based on the conditions of his incarceration must be dismissed as moot." Dkt. No. 44 at 9 (quoting *Pugh v. Goord*, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008)).

2

In evaluating Plaintiff's free exercise claim, Magistrate Judge Stewart first found that the evidence supported Plaintiff's contentions that having access to his religious books was a sincerely held religious belief. *Id.* at 12. At the second step of the evaluation, Magistrate Judge Stewart found that Plaintiff had not met his burden of establishing that the DOCCS directive substantially burdened his exercise of religion. *Id.* While having certain religious books was necessary for Plaintiff's religious practice, he had not "established that he requires *unfettered* access to his books in his SHU cell." *Id.* Magistrate Judge Stewart correctly concluded that, given that the DOCCS Directive allowed Plaintiff to possess eleven books at one time and allowed him to exchange these books once every month, coupled with having access to the facility's library and to the facility's Imam, the DOCCS Directive did not "put[] substantial pressure on [Plaintiff] to modify his behavior and to violate his beliefs." *Id.* at 12-13 (quoting *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996)).[1]

Lastly, Magistrate Judge Stewart concluded that, even if Plaintiff had shown that the DOCCS Directive substantially burdened his practice of religion, Defendants established that the Directive is rationally related to legitimate penological interests. Applying the factors articulated in *Turner v. Safley*, 482 U.S. 78 (1987), Magistrate Judge Stewart found that limiting the number of books that an inmate may have in the SHU serves to protect security interests because inmates have been known to start fires with the books in their cells, conceal contraband in books, and to

---

[1] The Court notes that the substantial burden standard cited in *Jolly v. Coughlin* was in the context of an alleged violation of the Religious Freedom Restoration Act of 1993 ("RFRA"). While RFRA has subsequently been invalidated, the Second Circuit has continued to apply the substantial burden analysis previously used in RFRA cases to claims alleging a First Amendment free exercise violation. *See Ford v. McGinnis*, 352 F.3d 582, 591-92 (2d Cir. 2003); *see also Hamilton v. Countant*, No. 13-CV-669, 2016 WL 881126, *3 (S.D.N.Y. Mar. 1, 2016) (quotation omitted) ("[I]t is customary in this district, absent any contrary instruction from the Second Circuit, to assume that the substantial burden test survives").

3

cover up their cell doors with stacks of books to avoid inspections by guards. Dkt. No. 44 at 13. Ultimately, "[a]llowing inmates to possess an unlimited number of books frustrates the ability of corrections officers to conduct inspections of cells." *Id.* Magistrate Judge Stewart concluded that Plaintiff had reasonable alternatives to having unlimited books in his cell because he was still allowed 11 books at a time, could exchange his books once per month, and had access to the facility's library. *Id.* Since Plaintiff did not respond to the summary judgment motion and the record supported Defendants' contentions, Magistrate Judge Stewart found that Plaintiff did not meet his burden to establish that Defendants' proposed penological concerns were irrational. *Id.* at 14. Neither party objected to the Report-Recommendation and Order.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the

4

court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and

footnote omitted). Failure to timely object to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

In the present matter, the Court finds that Magistrate Judge Stewart correctly recommended that the Court should grant Defendants' motion for summary judgment in its entirety. Plaintiff has been released from DOCCS custody, rendering his RLUIPA claim moot. Further, the Report-Recommendation and Order correctly determined that Plaintiff has not shown that the DOCCS Directive substantially burdened his exercise of religion, Defendants' have presented legitimate penological concerns that are rationally related to the Directive, and Plaintiff has not shown that those penological concerns are irrational.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's July 5, 2016 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 32) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the local rules.

**IT IS SO ORDERED.**

Dated: August 17, 2016
       Albany, New York

Mae A. D'Agostino
U.S. District Judge